IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:03CV199

| | |
|---|---|
| DEBORAH JEAN INGLE, )<br>Administrator of the Estate of )<br>Christopher James Burt Ingle, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>MIKE YELTON, in his official )<br>and individual capacities; )<br>CHRIS YOUNG, in his official )<br>and individual capacities; )<br>JOE JOHNSON, in his official )<br>and individual capacities; and )<br>THE CITY OF ASHEVILLE, )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the parties' responses to the Order of November 8, 2006.

At issue is the need for further discovery in the form of a deposition of Officer Ann Fowler who was driving Asheville Police Department Vehicle #86 on the night the Plaintiff's decedent was killed. The Plaintiff contends that a photograph obtained from the North Carolina State Bureau of

Investigation (SBI) shows an object mounted in that vehicle next to the rear view mirror. That object, Plaintiff argues, could be a video camera which could have taped the incident at issue in this lawsuit. Thus, it is possible that there is in fact a video which could be the same video that counsel's wife claims she viewed at a clandestine location.

In response to the Court's Order for further specification, the Defendants have provided the following information:

1. Records of the Asheville Police Department do not show when or if there was installation or removal of video equipment in the vehicle at issue.

2. Records obtained from the company which services department vehicles show that between December 1999 and December 2000, Vehicle #86 had a video recording system which malfunctioned.

3. Records from the evidence room of the Asheville Police Department show that there were video tapes recorded from Vehicle #86 before November 2000 but none afterwards.

4. An affidavit from a technician with the servicing company establishes that the company does not have a record of the location of the video camera in Vehicle #86.

5. There are no records in the possession of the Asheville Police Department which show the location of the video camera in Vehicle #86.

6. However, the technician has averred:

> As a general rule, video system cameras were installed in Asheville Police Department vehicles to the right of the rear view mirror in one of two manners: either on a tab off of a plate on the interior of the roof of the car, with the camera off center towards the front interior passenger side of the vehicle; or where there was no plate, on a mount glued to the interior passenger side of the front windshield. . . . After viewing what I understand to be a copy of Plaintiff's submission in this case of an enlarged photo of vehicle P86 taken on July 15, 2001, I cannot determine whether or not the object on the front interior passenger side of the vehicle is a radar or camera unit. After viewing the copy of the photo described above, it does appear that the object on the front interior passenger side of the vehicle is larger than the "footprint" of an Eyewitness camera unit.

**Affidavit of Stephen H. Robison, filed November 22, 2006, ¶'s 10, 12-13.**

7. Vehicle #86 in the year 2000 was the same vehicle on July 15, 2001.

8. Officer Ann Fowler has provided a second affidavit in which she avers:

> I stand by my earlier affidavit, filed in this matter in May of 2006, and I state that on the evening of July 14, 2001, and the morning of July 15, 2001, there was no video recording system in P86. . . . It is my opinion that the rectangular or square object seen in the upper right of the windshield [in the photograph of Vehicle #86] is not a video camera, but is radar

> equipment. . . . It is my opinion that a rear radar unit is clearly visible in the back window of P86. It is my recollection that patrol cars in 2001 that were equipped with radar had both a front and rear unit and that P86 was so equipped. It is further my recollection that if a patrol car had both radar and video recording equipment in 2001, such vehicle would have had two separate units mounted inside the front of the vehicle, thus both units would be visible almost side by side. This is not the case in the photo of P86 submitted by Plaintiff's counsel. That photo shows only one such piece of equipment, which I believe is the radar unit.

**Second Affidavit of Ann Fowler, filed November 22, 2006, ¶'s 8, 15-18.**

9. Office Fowler also averred that on the night before the incident at issue, she wrote two speeding tickets which she detected using radar. *Id.,* **¶ 13.** She attached copies of the citations to her affidavit.

The Court has reviewed the affidavit of Plaintiff's counsel which was filed under seal. Having considered the responses of both parties, the Court does not find that a deposition of Officer Ann Fowler is either necessary or warranted. She stands by her prior assertions that there was no video camera in her vehicle on the night of the incident.

**IT IS, THEREFORE, ORDERED** that the Plaintiff may file response to the Defendants' supplement to the motion for summary judgment on or before 15 days from entry of this Order.

5

Signed: December 7, 2006

*Signature*

Lacy H. Thornburg
United States District Judge